82,245-01

CAUSE NO. 17931

KEDRICK DARON FLETCHER                    §        IN THE 329 th JUDICIAL

                                          DISTRICT COURT OF

V                                         §

                                          WHARTON COUNTY, TEXAS

STATE OF TEXAS                            §

---------------------------------------------------------------

NO. WR.82,245-01

TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

EX PARTE KEDRICK D.FLETCHER

---------------------------------------------------------------

APPLICANT'S RESPONSE TO THE FINDING
OF FACT AND CONCLUSION OF LAW THAT
WAS SUBMITTED BY JUDGE RANDY M.CLAPP.

---------------------------------------------------------------

Now comes Kedrick Daron Fletcher, and humbly submits this his response to judge Randy M. Clapp's finding of fact and conclusion of the law concerning his application for a writ of habeas corpus under Article 11.07. In support ,Applicant submits the following:

I

On November 5,2014,the Court of Criminal Appeals remanded Kedrick Daron Fletcher's case to the District Court for fact -finding and consideration of whether his trial counsel rendered ineffective assistance of counsel by 1) failing to investigate or communicate with Applicant adequately before trial,and 2) failing to object when the State moved to amend the indictment to add a drug free-zone allegation on the day of the trial. Pursuant to this Court's order,Applicant's trial counsel submitted an affidavit addressing Applicant's claims.

II

Applicant would like to cite EX PARTE PATTERSON V STATE 993 SW 2d 114(TEX.CRIM.APP. 1999) This case had previously been remand-

1

ed for a factual determination as to the defendant's allegations concerning ineffective assistance of counsel. The trial court entered findings based on counsel's affidavit,which does not fully resolve all of the controversial issues. In Patterson,this Court remanded the case for evidentiary hearing with instruction to appoint counsel for defendant,if he is found indigent.

This Court has found that affidavit alone is not enough to resolve the ineffective assistance of counsel claims.

### III

Applicant has submitted his response and also objects to the finding of fact and recommendation made by Judge Randy M. Clapp. Because the record is clear that when Fletcher was expressing his concern to go to trial with an attorney that hasn't spoken with him for almost three years to the District Court,his lawyer was present and did not deny the allegations. See State's Exhibit 2 pgs -11,15.

In addition,indeed two motions for continuance were discussed at trial,one, from Mr.Hecker himself that the judge clearly on record denied. See Exhibit 2 pgs 11,12.

THE COURT: Okay,Mr.Hecker had filed a motion for continuance today. He had several other trials that he was obligated to but I have spoken to one of those judges and now he's available for trial today. And I [DENIED] his motion for continuance.

The above statement shows that Mr.Hecker's motion for continuance was denied; and this motion was filed for Mr.Hecker's convenience,not because he needed time to investigate or prepare for Fletcher's trial.

The second motion was the conversation between the judge and Fletcher concerning the firing of Mr.Hecker and the problem that was presented to the Court concerning Mr.Hecker's readiness to represent Fletcher on his trial. See Exhibit 2-pg-12.

Moreover,Fletcher did not choose to represent himslef because he doesn't know anything about the law,and the Court has forced him to keep Mr.Hecker as his attorney. Since the Court denied Fletcher's request for continuance,he did not have a choice. See State's exhibit 2-pg-12. (This is also one of the issues that

2

Fletcher is claiming in his application for a habeas corpus writ citing VALDEZ 826 SW 2d 778 (TEX.APP. HOUSTON [14th Dist] 1999) TRIAL COURT MAY NOT IMPOSE ATTORNEY UPON DEFENDANT AGAINST HIS WILL.

Fletcher, in his brief in support of his application, has amply demonstrated that Mr. Hecker did not investigate his case because, as Fletcher has indicated in his brief in support of his application, Mr. Hecker was depending on the State's records and not of his own investigation, since he did not have one.

## V

Fletcher prays that this honorable Court grant him the relief he is seeking in this proceeding.

Applicant has continued demonstrating that his trial counsel was ineffective during his representationin Mr. Fletcher's case.

02/06/2015

RESPECTFULLY SUBMITTED

*Kedrick Daron Fletcher*

PRO SE

KEDRICK DARON FLETCHER

T.D.C.J.# 1873352

DARRINGTON UNIT

59-DARRINGTON RD.

ROSHARON, TEXAS

77583

3